and I represent Jerry Bunning in this matter. This appeal presents one issue. Mr. Bunning appeals his sentence based on the trial court's improper consideration of the perceived serious harm caused or threatened by the conduct in this case. Our legislature has determined that aggravated criminal sexual abuse is probationable, and if an incarceration is ordered, the range of sentencing is three to seven years. The trial court in this case sentenced Mr. Bunning to five years in the Department of Corrections, despite his lack of criminal history beyond a 1977 disorderly conduct incident, despite his steady work history, his willingness to cooperate with sex offender treatment, and most importantly, the sex offender evaluator's determination that he presented a low recidivism risk. In doing so, the trial court specifically considered as an aggravating factor that the conduct in this case caused or threatened serious psychological harm to MB. Yet some degree of psychological harm is caused or threatened in any act of sexual abuse, and in this case, there was no specific evidence of any actual harm or facts or circumstances showing that the threat of harm was beyond that inherent in the nature of the offense. The state's evidence in aggravation was merely a statement from MB's mother that she was not the same girl, that she was greatly impacted by this incident, and that she was placed into counseling. But treatment alone is not evidence of psychological harm. It's merely the appropriate response to any incident of abuse. Just with bodily harm, the injury itself and not the course of treatment is the determinative issue. Here, there was no evidence of the nature or extent of harm or the degree of treatment showing that this aggravating factor was appropriate. While it is understandable to want to punish sex offenses harshly, our legislature has already considered the nature of these offenses in determining the sentencing range, including that an offense like this is probationable. Therefore, considering the threat of harm beyond the nature of the offense is a double enhancement. Our legislature has shown the ability to respond swiftly and harshly to the nature of this crime by enacting an ever-increasing registration and monitoring requirements on persons convicted of such offenses. If it did not show its ability to include the psychological harm inherent in this offense, it would be a more severe punishment of this sort of unwanted touching than in a battery, which is merely a Class A misdemeanor. Because the legislature has already considered the nature of this offense that entails at least the threat of psychological harm, the Chalk Court's consideration of that very possibility of psychological harm was improper in this case, and therefore, the Chalk Court has not considered a defendant sentencing. And if there are no questions, I will reserve further comments for rebuttal. I don't believe there are. Thank you. Thank you. Counsel? May it please the Court, Your Honors, Counsel. My name is Erin Wilson-Legler, and I appear on behalf of the State. Your Honor, the trial court did not err by considering at defendant sentencing the harm suffered by the minor victim in this case. In People v. Kerwin, this Court explicitly held as a matter of law that harm is not a factor inherent in the crime of aggravated criminal sexual assault, and this Court has consistently considered the harm or the threat thereof to victims of sexual abuse and aggravation at sentencing. Defendant has cited no cases overruling this Court's decisions in Kerwin or People v. Leggins, both of which were cited in the State's brief. Instead, defendant attempts to distinguish facts between those cases in the case at bar, thereby ignoring the legal conclusion that harm is simply not a factor inherent in the crime of criminal sexual abuse. Whether the facts are analogous is irrelevant because of the legal conclusion that this Court held in Kerwin and Leggins. And so long as there is personal observations of the victims while they testify, the harm or the threat of harm suffered by the minor victims is a permissible factor to consider in aggravation at sentencing. Turning to the case at bar, the trial court had ample opportunity to observe the minor victim as she testified both pretrial and during the trial. The Court explicitly found evidence of psychological harm during a sentencing hearing. Moreover, the victim impact statement indicated that the minor victim has been seriously altered by the abuse that she suffered. In addition to missing several days of school and extracurricular activities, she has received extensive counseling to cope with her abuse, and she will continue to receive this counseling for the foreseeable future, as noted by the trial court at sentencing. Contrary to defendants' argument on appeal, the fact that she is in counseling is evidence of the fact that she was harmed by defendants' conduct. Logically, if there was no harm, there would be no need to treat that harm. In sum, the trial court had sufficient evidence before it to conclude that the minor victim suffered psychological harm as a result of the abuse that she suffered, and the trial court therefore properly considered that harm and aggravation at sentencing. And if there are no further questions, the State will rest on its brief and respectfully ask that this Court affirm defendant's sentence. Thank you, Your Honor. Counsel? As noted in the brief, there is a distinction between preventing, between treating actual harm that has occurred and preventing future harm from an incident. The appropriate response to any case of sexual abuse is to place a child in treatment. So the very fact of placing a child in treatment does not evidence the nature of harm actually experienced versus an attempt to minimize any future damage from the incident. So the mere fact of treatment, just as with physical harm, great bodily harm, the mere fact of treatment is not proof of injury. Further, in citing to Kerwin and Luggins, again, in the reply brief we've noted the factual distinctions. But in Luggins in particular, the court notes that such harm is almost inevitable from these cases. And again, there's not a sound reason to make a distinction based on our case law between the treatment of harm and psychological harm. Here, our courts have noted that harm is inevitable or nearly inevitable from these types of cases, and there was no specific evidence presented to support this as an aggravating factor in this case. Thank you. Thank you. We appreciate the briefs and arguments of counsel. We'll take the case under advisement and issue a ruling in due course. Thank you.